# UNITED STATES DISTRICT COURT
for the
Southern District of Texas – Houston Division

| | | |
|---|---|---|
| JOSHUA SHARP-LEE<br>*Plaintiff*<br><br><br>**-v-**<br><br>ZARA USA, INC.; ZARA RETAIL<br>STORE-MEMORIAL CITY MALL;<br>MEMORIAL CITY MALL GP, LLC, and<br>JOHN DOE EMPLOYEES 1–5,<br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No._____<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION

*This action seeks redress for the wrongful accusation, public humiliation, and racially discriminatory treatment inflicted upon Plaintiff JOSHUA SHARP-LEE by Defendants at the Zara retail store in Memorial City Mall, conduct that violated federal civil rights protections and Texas law and caused significant emotional, reputational, and dignitary harm.*

Plaintiff JOSHUA SHARP-LEE, by and through counsel, brings this action against Defendants for the discriminatory, humiliating, and unlawful conduct described herein, and alleges as follows:

## INTRODUCTION

1. This civil action arises from the wrongful accusation of theft, public humiliation, discriminatory treatment, and racial profiling inflicted upon Plaintiff JOSHUA SHARP-LEE at the Zara retail store located within Memorial City Mall in Houston, Texas.

2. On October 11, 2025, Plaintiff was publicly searched, mocked, and treated as a criminal without cause. Zara employees repeatedly rummaged through his personal bag in front of customers, associates laughed and made light of the situation, and bystanders recorded the incident. The accusation was baseless, intrusive, and carried out in a manner designed to shame

1

and degrade Plaintiff.

3.     Defendants' conduct violated Plaintiff's rights under 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964 and further gives rise to multiple state-law claims, including negligent supervision, negligent hiring and retention, intentional infliction of emotional distress, invasion of privacy, and defamation.

4.     Plaintiff seeks redress for the emotional, reputational, and dignitary harms caused by Defendants' discriminatory, unjustified, and humiliating conduct, and for the unlawful practices that deprived him of equal treatment in a place of public accommodation.

### JURRISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964.

6.     This Court also has jurisdiction under 28 U.S.C. § 1332(a) because complete diversity exists between the parties. Plaintiff Joshua Sharp-Lee is a citizen of the State of Arizona, and all Defendants are citizens of states other than Arizona. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     The Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy as the federal claims.

8.     Venue is proper in the Southern District of Texas, Houston Division under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to these claims occurred in Harris County, Texas, where the Zara retail store and Memorial City Mall are located and where the discriminatory conduct occurred.

### THE PARTIES

2

9.   At all times relevant herein, Plaintiff JOSHUA SHARP-LEE is an adult resident citizen of the state of Arizona, with a residential address at 1000 N. 44th Street, Phoenix, AZ 85008, USA.

10.   At all times relevant herein, Defendant ZARA USA, INC. is a foreign corporation authorized to do business in the State of Texas and may be served through its registered agent, Corporation Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701, USA.

11.   At all times relevant herein, Defendant ZARA RETAIL STORE – Memorial City Mall is a business entity operating a retail establishment located at 303 Memorial City Way, Houston, Texas 77024, and is responsible for the acts and omissions of its employees, agents, and representatives.

12.   At all times relevant herein, Defendant MEMORIAL CITY MALL GP, LLC, is a foreign corporation doing business in the State of Texas and is responsible for mall operations, security coordination, tenant oversight, and the conduct of its agents and employees. Defendant may be served through its registered agent, Metro National Corporation, at 945 Bunker Hill Road, Suite 400, Houston, Texas 77024, USA.

13.   At all times relevant herein, Defendants JOHN DOE EMPLOYEES 1–5 were employees, agents, or representatives of Zara and/or Memorial City Mall whose identities are presently unknown to Plaintiff. Plaintiff will amend this Complaint to identify these individuals once their names and roles become known.

14.   Defendants are responsible for the conduct of their agents, employees, and representatives under the doctrines of respondeat superior, agency, and all other applicable principles of law.

15.   The true names and capacities of persons or entities, whether individual, corporate,

3

associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave from the court to amend this complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

16.     All of Plaintiff's claims stated herein are asserted against ZARA USA, INC.; ZARA RETAIL STORE - Memorial City Mall; MEMORIAL CITY MALL GP, LLC; and any of their respective owners, predecessors, successors, subsidiaries, affiliates, agents, employees, and assigns.

## FACTUAL BACKGROUND

17.     Plaintiff repeats and incorporates all preceding paragraphs as though fully set forth herein.

18.     On October 11, 2025, at approximately 6:00 PM, Plaintiff entered the Zara retail store at Memorial City Mall to shop for clothing, intending to browse and potentially purchase merchandise like any other customer.

19.     Almost immediately upon entering, Plaintiff noticed that a Zara associate was watching him closely and following his movements throughout the store, despite Plaintiff engaging in ordinary shopping behavior.

20.     Plaintiff selected a jacket and briefly removed a pair of pants from his shopping bag, purchased earlier from another store, to compare the items, a common and permissible shopping practice.

21.     After determining the jacket did not match, Plaintiff returned it to the rack and continued browsing without incident.

22.     Shortly thereafter, the store manager approached Plaintiff and stated that an associate had accused him of concealing Zara merchandise in his bag, despite having no factual basis or reasonable suspicion to support such an accusation.

4

23. Plaintiff remained calm, cooperative, and respectful, and agreed to allow the manager to inspect his bag.

24. Before Plaintiff could fully open the bag, the manager abruptly seized one end of it and began rummaging through its contents in full public view, without Plaintiff's consent to a public search and without any justification for such intrusive action.

25. The manager repeated this intrusive search for nearly a minute, even after it was immediately apparent that the bag contained only three items, none of which belonged to Zara.

26. The manager refused to relocate the interaction to a private area, despite having the ability and opportunity to do so, thereby escalating Plaintiff's humiliation and causing unnecessary public exposure.

27. Customers stopped to watch the encounter. Some recorded the incident on their phones. Zara associates were observed laughing, smirking, and making light of the situation, further amplifying Plaintiff's embarrassment.

28. The associate who made the false accusation hovered nearby, repeatedly interrupting the manager and attempting to influence the search, until she was told multiple times to "walk away," demonstrating a lack of training, supervision, and control by Zara management.

29. Plaintiff's appearance, a young Black male, wearing a durag, a graphic shirt, gold chains, and casual athletic clothing, was the only discernible basis for the accusation, heightened scrutiny, and disparate treatment, as Plaintiff engaged in no conduct that would reasonably give rise to suspicion of theft.

30. Plaintiff was treated differently from other customers and subjected to suspicion, surveillance, and a public search without any legitimate basis, reflecting discriminatory profiling and intentional disparate treatment.

31. After the search revealed no wrongdoing, Plaintiff requested the names of the

manager and associate involved so he could file a formal report.

32.    Zara staff refused to provide their identities, obstructing Plaintiff's ability to report the misconduct and demonstrating a lack of transparency and accountability.

33.    Plaintiff then reported the incident to Memorial City Mall security, who documented his complaint, recorded his identifying information, and advised him to contact the Houston Police Department.

34.    Plaintiff attempted to contact HPD on three separate occasions but received no return call or follow-up, leaving him without recourse at the time of the incident.

35.    On information and belief, Zara and Memorial City Mall had prior notice of similar customer complaints, profiling concerns, or employee misconduct, yet failed to implement adequate training, supervision, or corrective measures to prevent foreseeable harm to customers such as Plaintiff.

36.    Defendants failed to enforce their own policies regarding customer interactions, loss-prevention procedures, anti-profiling standards, and privacy protections, thereby creating an unreasonable risk of harm to customers.

37.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered humiliation, emotional distress, reputational harm, loss of dignity, and ongoing anxiety related to shopping in public spaces.

38.    On information and belief, Zara and Memorial City Mall maintain written policies governing customer interactions, loss-prevention procedures, and anti-profiling standards, including directives requiring employees to refrain from making accusations of theft without objective evidence and to conduct any necessary bag checks in a discreet and non-public manner. Defendants' employees failed to follow these policies, and Defendants failed to enforce them, demonstrating systemic deficiencies in training, supervision, and oversight.

6

39.    The conduct directed at Plaintiff was not an isolated lapse in judgment but reflected a broader pattern of inadequate employee training and tolerance of discriminatory behavior. On information and belief, Defendants had received prior complaints from customers alleging racial profiling, improper searches, or unprofessional conduct by store employees, yet failed to implement corrective measures or discipline employees, making the harm to Plaintiff foreseeable and preventable.

40.    As a result of Defendants' actions, Plaintiff was not only humiliated in the moment but was effectively denied the ability to participate in the marketplace on equal terms. The public nature of the accusation and search, combined with the mocking behavior of employees and bystanders, created a hostile and degrading environment that deterred Plaintiff from completing his shopping, interfered with his right to contract, and caused lasting emotional and dignitary harm.

41.    Defendants further ratified the wrongful conduct of their employees by refusing to identify the manager and associate involved, failing to discipline or correct the employees after the incident, and failing to take any remedial action despite Plaintiff's report to mall security. Defendants' refusal to acknowledge or address the misconduct demonstrates corporate approval, endorsement, or willful blindness, thereby supporting punitive damages and establishing institutional responsibility for the harm inflicted on Plaintiff.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1981 - RACE DISCRIMINATION IN CONTRACTING
*(All Defendants)*

42.    Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

43.    At all times relevant hereto, Plaintiff was and is a member of a protected class,

7

identifying as an African American male.

44.     Defendants, through their employees, agents, and representatives, intentionally discriminated against Plaintiff on the basis of race, appearance, and perceived racial stereotypes.

45.     Plaintiff entered the Zara retail store for the purpose of browsing and purchasing merchandise, thereby seeking to engage in the making and enforcement of contracts within the meaning of 42 U.S.C. § 1981.

46.     Defendants interfered with Plaintiff's right to make and enforce contracts by subjecting him, without cause, to heightened surveillance, a false accusation of theft, a public and intrusive search, mocking behavior by employees, and disparate treatment not imposed on similarly situated non-Black customers.

47.     Defendants' conduct was purposeful, intentional, and motivated by discriminatory animus, as evidenced by the lack of any legitimate basis for suspicion, the public nature of the search, the repeated rummaging through Plaintiff's bag despite immediate confirmation that no Zara merchandise was present, and the refusal to provide employee names after the incident.

48.     Defendants' actions were unjustified, unreasonable, and rooted in discriminatory profiling based on Plaintiff's race, attire, and appearance.

49.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered emotional distress, humiliation, loss of dignity, reputational harm, and interference with his ability to shop and contract on equal terms.

50.     Plaintiff seeks compensatory damages, punitive damages, attorney's fees, and all other relief available under 42 U.S.C. § 1981.

## COUNT II
### TITLE II OF THE CIVIL RIGHTS ACT OF 1964
*(Against All Defendants)*

51.     Plaintiff hereby repeats all of the allegations and Exhibits contained in the

Complaint thus far above and incorporates same as if fully set forth at length herein.

52.    At all times relevant hereto, the Zara retail store located within Memorial City Mall was and is a place of public accommodation within the meaning of 42 U.S.C. § 2000a(b), as it is a retail establishment affecting commerce and open to the general public.

53.    Plaintiff, as a member of a protected class, was entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants.

54.    Defendants denied Plaintiff such full and equal enjoyment by subjecting him to discriminatory treatment, including heightened surveillance, a baseless accusation of theft, a public and intrusive search, mocking behavior by employees, and disparate treatment not imposed on similarly situated non-Black customers.

55.    Defendants' actions were motivated, in whole or in part, by Plaintiff's race, appearance, and perceived racial stereotypes, and therefore constitute unlawful discrimination under 42 U.S.C. § 2000a(a).

56.    As a direct result of Defendants' discriminatory conduct, Plaintiff was deprived of equal access to a retail establishment open to the public and was humiliated, embarrassed, and denied the ability to shop on nondiscriminatory terms.

57.    Plaintiff seeks declaratory and injunctive relief, together with reasonable attorney's fees pursuant to 42 U.S.C. § 2000a-3(b).

## COUNT III
### NEGLIGENT SUPERVISION AND TRAINING
#### *(Against All Defendants)*

58.    Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

59.    At all times relevant hereto, Defendants Zara USA, Inc., Zara Retail Store –

9

Memorial City Mall, and Memorial City Mall GP, LLC owed a duty to exercise reasonable care in the training and supervision of their employees, including associates, managers, and security personnel who interact with customers and who are entrusted with authority to accuse customers of theft, conduct searches, and enforce store policies.

60.    Defendants breached this duty by failing to properly train and supervise employees regarding anti-profiling standards, nondiscriminatory customer-interaction practices, privacy protections, and lawful loss-prevention and theft-prevention protocols.

61.    Defendants further failed to implement or enforce adequate policies to prevent employees from engaging in discriminatory conduct, making baseless accusations, conducting public searches, or humiliating customers.

62.    On information and belief, Defendants were aware, or in the exercise of reasonable care should have been aware, of prior incidents, complaints, or behavioral indicators demonstrating that their employees required additional supervision, training, or corrective action.

63.    Defendants' failure to properly train and supervise their employees created an unreasonable and foreseeable risk that customers, including Plaintiff, would be subjected to discriminatory treatment, wrongful accusations, and public humiliation.

64.    As a direct and proximate result of Defendants' negligent supervision and training, Plaintiff was falsely accused of theft, subjected to an intrusive public search, mocked by employees, and humiliated in front of customers and bystanders.

65.    Plaintiff suffered emotional distress, embarrassment, reputational harm, and loss of dignity as a result of Defendants' negligence.

## COUNT IV
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### (Against All Defendants)

66.    Plaintiff hereby repeats all of the allegations and Exhibits contained in the

10

Complaint thus far above and incorporates same as if fully set forth at length herein.

67.    Defendants owed Plaintiff a duty to exercise reasonable care in the hiring, retention, and supervision of employees who interact with customers and who are entrusted with authority to accuse customers of theft, conduct searches, enforce store policies, and represent the business to the public.

68.    Defendants breached this duty by hiring, retaining, and supervising employees who were unfit, inadequately trained, or prone to discriminatory conduct, false accusations, improper loss-prevention practices, and unprofessional customer interactions.

69.    On information and belief, Defendants knew or, in the exercise of reasonable care, should have known of prior incidents, complaints, behavioral indicators, or performance issues demonstrating that the employees involved in the October 11, 2025, incident posed an unreasonable and foreseeable risk of harm to customers.

70.    Defendants failed to take reasonable steps to prevent foreseeable harm, including failing to provide adequate training, failing to discipline or remove problematic employees, failing to supervise employees with known or knowable issues, and failing to enforce anti-profiling, privacy, and customer-interaction policies.

71.    Defendants' negligent hiring, retention, and supervision created an environment in which employees were permitted to engage in discriminatory profiling, baseless accusations, public searches, mocking behavior, and other conduct that foreseeably resulted in harm to customers such as Plaintiff.

72.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered humiliation, emotional distress, reputational harm, loss of dignity, and other damages.

73.    Plaintiff seeks compensatory damages and all other relief permitted by law.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11

*(Against All Defendants)*

74.     Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

75.     At all times relevant hereto, Defendants engaged in conduct that was extreme and outrageous, including but not limited to: falsely accusing Plaintiff of theft without any factual basis, forcibly seizing and publicly searching his personal bag, conducting the search in front of customers and bystanders, allowing employees to laugh and mock Plaintiff during the incident, and refusing to relocate the interaction to a private area or take steps to reduce the humiliation once it became clear Plaintiff had done nothing wrong.

76.     Defendants acted intentionally and/or with reckless disregard for the near certainty that their conduct would cause Plaintiff severe emotional distress, embarrassment, and humiliation.

77.     Defendants' conduct went far beyond mere rudeness, insensitivity, or poor judgment; it was carried out in a manner that any reasonable person would regard as intolerable in a civilized society.

78.     As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff suffered severe emotional distress, including humiliation, anxiety, fear, reputational harm, and loss of dignity.

79.     Plaintiff seeks compensatory damages, punitive damages where permitted, and all other relief available under Texas law.

### COUNT VI
### INVASION OF PRIVACY / INTRUSION ON SECLUSION
*(Against All Defendants)*

80.     Plaintiff hereby repeats all of the allegations and exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

81.     At all times relevant hereto, Plaintiff had a reasonable expectation of privacy in the

contents of his personal shopping bag and in his private affairs while lawfully shopping at the Zara retail store.

82.　　Defendants, through their employees and agents, intentionally intruded upon Plaintiff's seclusion by forcibly seizing his bag and publicly rummaging through its contents without justification, consent to a public search, or any legitimate basis for suspecting wrongdoing.

83.　　The intrusion was conducted in full view of customers, associates, and bystanders, and was carried out in a manner designed to expose Plaintiff to public scrutiny, humiliation, and embarrassment.

84.　　Such conduct constitutes a highly offensive and unreasonable intrusion that would be objectionable to any ordinary person, particularly given the absence of any factual basis for the accusation or search.

85.　　As a direct and proximate result of Defendants' intrusion upon Plaintiff's seclusion, Plaintiff suffered humiliation, emotional distress, reputational harm, and loss of dignity.

86.　　Plaintiff seeks compensatory damages and all other relief permitted by law.

### COUNT VII
### DEFAMATION
### *(Against All Defendants)*

87.　　Plaintiff hereby repeats all of the allegations and exhibits contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

88.　　Defendants, through their employees and agents, made false statements of fact accusing Plaintiff of concealing or attempting to steal Zara merchandise.

89.　　These false statements were communicated to third parties, including but not limited to the store manager, other Zara employees, mall security personnel, and customers who witnessed the public search.

90.　　The accusation that Plaintiff was engaged in theft constitutes a statement imputing

13

criminal conduct and is therefore defamation per se under Texas law.

91.    Defendants made these statements negligently, recklessly, and/or with knowledge of their falsity, as Plaintiff had not concealed any merchandise and the contents of his bag were immediately visible and contained no Zara items.

92.    The public search, the repeated rummaging through Plaintiff's bag, and the mocking behavior of employees reinforced and republished the false accusation to bystanders and customers.

93.    As a direct and proximate result of Defendants' defamatory statements and conduct, Plaintiff suffered presumed damages, including harm to his reputation, humiliation, emotional distress, and loss of dignity.

94.    Plaintiff seeks compensatory damages, punitive damages where permitted, and all other relief available under Texas law.

## COUNT VIII
## RESPONDEAT SUPERIOR / VICARIOUS LIABILITY
### (Against All Corporate Defendants)

95.    Plaintiff hereby repeats all of the allegations and exhibits contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

96.    At all times relevant hereto, the individual employees, associates, managers, and agents who engaged in the discriminatory, defamatory, intrusive, negligent, and outrageous conduct described in this Complaint were acting within the course and scope of their employment with Defendants Zara USA, Inc.; Zara Retail Store – Memorial City Mall; and Memorial City Mall GP, LLC, and were performing duties they were hired, authorized, or reasonably expected to perform.

97.    The wrongful acts of these employees and agents were undertaken, at least in part, to further Defendants' business interests, including loss-prevention, customer-interaction, and

14

store-operations functions, and were therefore committed within the scope of their employment under Texas law.

98.    Defendants further ratified the conduct of their employees by failing to discipline them, refusing to identify them, and declining to take corrective action after Plaintiff reported the incident, thereby adopting or approving the wrongful conduct.

99.    Defendants are therefore vicariously liable for all tortious acts committed by their employees and agents under the doctrines of respondeat superior, agency, ratification, and all other applicable principles of Texas law.

100.    As a direct and proximate result of the acts of Defendants' employees and agents, for which the corporate Defendants are vicariously liable, Plaintiff suffered the harms and damages described herein.

## DAMAGES

101.    Plaintiff suffered economic damages, including time lost attempting to report the incident to mall security and law enforcement, disruption to his daily activities, costs associated with addressing and documenting the incident, and other incidental expenses reasonably and foreseeably caused by Defendants' conduct.

102.    Plaintiff continues to experience ongoing anxiety, emotional disruption, and apprehension in retail environments as a result of Defendants' conduct, and is reasonably expected to suffer future emotional harm, distress, and loss of enjoyment of life arising from the incident.

## PRAYER FOR RELIEF

103.    **WHEREFORE,** Plaintiff JOSHUA SHARP-LEE respectfully demands that this Court enter judgment in his favor and against all Defendants, and award the full measure of relief permitted by law and equity, including but not limited to:

    a.    Compensatory damages for emotional distress, humiliation, reputational harm,

15

loss of dignity, and all other non-economic injuries suffered as a result of Defendants' conduct;

b.  Economic damages for time lost, disruption to daily activities, and all incidental expenses reasonably and foreseeably caused by Defendants' actions;

c.  Punitive damages to punish and deter Defendants' intentional, reckless, and discriminatory conduct, to the extent permitted under 42 U.S.C. § 1981 and Texas law;

d.  Declaratory relief declaring that Defendants' conduct violated Plaintiff's rights under federal and state law;

e.  Injunctive relief requiring Defendants to implement and enforce adequate anti-profiling, anti-discrimination, and customer-interaction policies, and to provide appropriate training to employees to prevent future violations;

f.  Attorney's fees and costs, including those available under 42 U.S.C. § 1981 and 42 U.S.C. § 2000a-3(b);

g.  Pre- and post-judgment interest as allowed by law; and

h.  Any and all further relief, whether legal or equitable, that this Court deems just, proper, and necessary to fully remedy the harms caused by Defendants.

### JURY DEMAND

104.  Plaintiff demands a trial by jury on all issues so triable.

### CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

16

(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

**LLG National Law Group**

Dated: June 03, 2026

_/s/ Renee Walker_____
ATTORNEY, ESQUIRE
State Bar No. 16958480
3003 N. Central Ave. Ste. 685
Phoenix, AZ 85012
888-826-6569
_Attorney for Plaintiff_

**VERIFICATION**

17

**STATE OF ARIZONA**     §
                         §
**MARICOPA COUNTY**      §

Before me, the undersigned notary, on this day personally appeared JOSHUA SHARP-LEE, the affiant whose identity is known to me. After I administered an oath, the affiant testified as follows:

"My name is JOSHUA SHARP-LEE. I am capable of making this verification. I have read this Original Petition and Jury Demand. The facts stated in it are within my personal knowledge and are true and correct."

JOSHUA SHARP-LEE

**SWORN AND SUBSCRIBED** before me on this day of June ___20___, 2026.

Notary Public, State of Arizona

Diana De Leon
Notary Public
Maricopa County, Arizona
My Comm. Expires 07-31-26
Commission No. 632287

18