**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSHUA SHARP-LEE** *Plaintiff* | § § § | |
| **v.** | § § | **C.A. No. 4:26-cv-06074** |
| **ZARA USA, INC.; ZARA RETAIL STORE-MEMORIAL CITY MALL; MEMORIAL CITY MALL, GP, LLC; and JOHN DOE EMPLOYEES 1-5** *Defendants* | § § § § § | |

**DEFENDANT'S, MEMORIAL CITY MALL GP, LLC, ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW, Defendant**, MEMORIAL CITY MALL GP, LLC,** in the above entitled and numbered cause, and files this their Original Answer and Affirmative Defenses to Plaintiff's Original Complaint, and states as follows:

## INTRODUCTION

1. Regarding Paragraph 1, Defendant denies that it engaged in wrongful accusation of theft, public humiliation, discriminatory treatment, and racial profiling against Plaintiff at the Zara retail store.

2. Regarding Paragraph 2, Defendant denies any inference that it engaged in any of the detailed acts or conduct against Plaintiff on October 11, 2025.

3. Regarding Paragraph 3, Defendant denies that engaged in any acts or conduct that violated Plaintiff's rights under 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964.

4. Regarding Paragraph 4, Defendant denies that it engaged in any discriminatory, unjustified, and humiliating conduct against Plaintiff, that it engaged in any acts or conduct that deprived

him of equal treatment, or that it engaged in any conduct that resulted in any injuries or damages to Plaintiff.

**JURISDICTION AND VENUE**

5. Regarding Paragraph 5, Defendant admits that the allegations purport to predicate jurisdiction for Plaintiff's claims under 28 U.S.C. § 1331 because he is asserting claims arising under 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964, but except as so admitted, Defendant denies the allegations that it engaged in any conduct that would support Plaintiff asserting such claims against it.

6. Regarding Paragraph 6, Defendant admits that the allegations purport to predicate jurisdiction for Plaintiff's claims under 28 U.S.C. § 1332(a), but except as so admitted, Defendant denies the allegations that it engaged in any conduct that would support Plaintiff asserting such claims against it. As to the remainder of Paragraph 6, Defendant lacks sufficient evidence or knowledge to admit or deny Plaintiff's residence or whether the amount in controversy exceeds $75,000; therefore, it is denied.

7. Regarding Paragraph 7, Defendant admits that the allegations purport to predicate supplemental jurisdiction for Plaintiff's related state-law claims under 28 U.S.C. § 1367, but except as so admitted, Defendant denies the allegations that it engaged in any conduct that would support Plaintiff asserting such claims against it.

8. Regarding Paragraph 8, Defendant admits that the allegations purport to predicate proper venue in the Southern District of Texas, Houston Division under 28 U.S.C. § 1391(b) and it admits that the Zara retail store and Memorial City Mall are located in Harris County, Texas, but except as so admitted, Defendant denies the allegations that it engaged in any acts or conduct that would support the claims asserted against it in Plaintiff's Complaint.

## THE PARTIES

9. Regarding Paragraph 9, Defendant lacks sufficient evidence or knowledge to admit or deny Plaintiff's residential address; therefore, it is denied.

10. Regarding Paragraph 10, Defendant lacks sufficient evidence or knowledge to admit or deny if Zara USA, Inc. is a foreign corporation and lacks sufficient information about its registered agent; therefore, it is denied.

11. Regarding Paragraph 11, Defendant lacks sufficient evidence or knowledge to admit or deny if Zara Retail Store – Memorial City Mall is a business entity operating a retail establishment and is responsible for the acts and omissions of its employees, agents, and representatives; therefore, it is denied.

12. Regarding Paragraph 12, Defendant admits that is a limited liability company doing business in the State of Texas and admits as to the information regarding its registered agent. As to the remainder of Paragraph 12, it is denied.

13. Regarding Paragraph 13, Defendant lacks sufficient evidence or knowledge to know the identity of John Doe Employees 1-5, but denies that any of its employees, agents, or representatives engaged in any acts or conduct that forms the basis of this lawsuit.

14. Regarding Paragraph 14, Defendant denies that any of its employees, agents, or representatives engaged in any conduct that forms the basis of this lawsuit for which it would be held liable under the doctrines of respondeat superior, agency, and all other applicable principles of law.

15. Regarding Paragraph 15, Defendant lacks sufficient evidence or knowledge to know who may be responsible for the claims asserted by Plaintiff, but denies that it has any responsibility for any of the claims asserted by Plaintiff.

16. Regarding Paragraph 16, Defendant lacks sufficient evidence or knowledge to know who may have engaged in any acts or conduct that pertain to the claims asserted in Plaintiff's Complaint, but denies that it engaged in any of such acts or conduct.

## FACTUAL BACKGROUND

17. Regarding Paragraph 17, Defendant repeats, re-allege, and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 16 of the Complaint, as if fully set forth herein.

18. Regarding Paragraph 18, Defendant lacks sufficient evidence or knowledge to admit or deny the factual background; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

19. Regarding Paragraph 19, Defendant lacks sufficient evidence or knowledge to admit or deny the factual background; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

20. Regarding Paragraph 20, Defendant lacks sufficient evidence or knowledge to admit or deny the factual background; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

21. Regarding Paragraph 21, Defendant lacks sufficient evidence or knowledge to admit or deny the factual background; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

22. Regarding Paragraph 22, Defendant lacks sufficient evidence or knowledge to admit or deny the allegation; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

23. Regarding Paragraph 23, Defendant lacks sufficient evidence or knowledge to admit or deny the factual background; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

24. Regarding Paragraph 24, Defendant lacks sufficient evidence or knowledge to admit or deny the allegation; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

25. Regarding Paragraph 25, Defendant lacks sufficient evidence or knowledge to admit or deny the allegation; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

26. Regarding Paragraph 26, Defendant lacks sufficient evidence or knowledge to admit or deny the allegation; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

27. Regarding Paragraph 27, Defendant lacks sufficient evidence or knowledge to admit or deny the allegation; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

28. Regarding Paragraph 28, Defendant lacks sufficient evidence or knowledge to admit or deny the allegation; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

29. Regarding Paragraph 29, Defendant lacks sufficient evidence or knowledge to admit or deny the allegation; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

30. Regarding Paragraph 30, Defendant lacks sufficient evidence or knowledge to admit or deny the allegation; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

31. Regarding Paragraph 31, Defendant lacks sufficient evidence or knowledge to admit or deny the allegation; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

32. Regarding Paragraph 32, Defendant lacks sufficient evidence or knowledge to admit or deny the allegation; therefore, it is denied. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

33. Regarding Paragraph 33, Defendant denies.

34. Regarding Paragraph 34, Defendant lacks sufficient evidence or knowledge to admit or deny the allegation; therefore, it is denied.

35. Regarding Paragraph 35, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in any conduct that forms the basis of this lawsuit or that it had any prior notice of misconduct or inadequate measures that would have put Defendant on notice of foreseeable harm to Plaintiff. It further denies that it was aware of any foreseeable harm to Plaintiff prior to the incident made the basis of this lawsuit.

36. Regarding Paragraph 36, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in any conduct that forms the basis of this lawsuit or that it created an unreasonable risk of harm to others, including Plaintiff.

37. Regarding Paragraph 37, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in any conduct that forms the basis of this lawsuit or that its conduct proximately resulted in any injuries or damages to Plaintiff.

38. Regarding Paragraph 38, Defendant lacks sufficient evidence or knowledge to admit or deny what written policies are maintained by the Zara Defendants so it can neither admit nor deny. As to this Defendant, it denies that it failed to follow any of its policies or that it engage in any conduct that would warrant following any of its policies as it pertains to the incident in question since none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

39. Regarding Paragraph 39, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in any conduct that forms the basis of this lawsuit, and it denies that it provided inadequate training or tolerated discriminatory behavior that made the harm to Plaintiff foreseeable and preventable. The allegations asserted by Plaintiff were neither foreseeable to nor preventable by this Defendant. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

40. Regarding Paragraph 40, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in any actions that resulted in any injuries or damages to Plaintiff. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

41. Regarding Paragraph 41, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that any of its employees engaged in any wrongful conduct or that it ratified any wrongful conduct as alleged in Plaintiff's Complaint. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1981 – RACE DISCRIMINATION IN CONTRACTING
### (*All Defendants*)

42. Regarding Paragraph 42, Defendant repeats, re-allege, and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

43. Regarding Paragraph 43, Defendant lacks sufficient evidence or knowledge to admit or deny that Plaintiff is an African American male since none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

44. Regarding Paragraph 44, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that any of its employees, agents or representatives discriminated against Plaintiff. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

45. Regarding Paragraph 45, Defendant lacks sufficient evidence or knowledge to admit or deny; therefore, denied.

46. Regarding Paragraph 46, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that any of its employees engaged in any of the conduct set forth in Paragraph 46. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

47. Regarding Paragraph 47, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that any of its employees engaged in any of the conduct set forth in Paragraph 47. Furthermore, none of

Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

48. Regarding Paragraph 48, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in any of the conduct set forth in Paragraph 48. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

49. Regarding Paragraph 49, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that any of its employees engaged in any discriminatory conduct or that it engaged in any conduct that resulted in any injuries or damages to Plaintiff. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

50. Regarding Paragraph 50, no response is necessary.

## COUNT II
## TITLE II OF THE CIVIL RIGHTS ACT OF 1964
## (*Against All Defendants*)

51. Regarding Paragraph 51, Defendant repeats, re-allege, and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 50 of the Complaint, as if fully set forth herein.

52. Regarding Paragraph 52, Defendant admits that the Zara retail store is located within Memorial City Mall. Further response is not necessary.

53. Regarding Paragraph 53, Defendant lacks sufficient evidence or knowledge to admit or deny that Plaintiff is a member of a protected class since none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

54. Regarding Paragraph 54, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that any of its employees denied Plaintiff full and equal enjoyment or subjected him to discriminatory treatment. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

55. Regarding Paragraph 55, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that any of its employees engaged in any actions that constituted unlawful discrimination against Plaintiff. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

56. Regarding Paragraph 56, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that any of its employees engaged in any discriminatory action against Plaintiff or that it engaged in any conduct that resulted in any injuries or damages to Plaintiff. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

57. Regarding Paragraph 57, no response is necessary.

**<u>COUNT III</u>**
**NEGLIGENT SUPERVISION AND TRAINING**
**(*Against All Defendants*)**

58. Regarding Paragraph 58, Defendant repeats, re-allege, and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 57 of the Complaint, as if fully set forth herein.

59. Regarding Paragraph 59, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it admits that it owes a duty

to exercise reasonable care in the training and supervision of its employees, but denies that any of its employees engaged in any discriminatory action against Plaintiff. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

60. Regarding Paragraph 60, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it breached any duty, it denies that it failed to properly train and supervise its employees, and it denies that any of its employees engaged in any discriminatory conduct as set forth in Plaintiff's Complaint. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

61. Regarding Paragraph 61, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it failed to implement adequate policies to prevent its employees from engaging in any of the conduct as alleged in Paragraph 61, and it denies that any of its employees engaged in any such conduct. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

62. Regarding Paragraph 62, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it was aware that any of its employees required additional supervision, training, or corrective action as it pertains to the allegations and causes of action made the basis of this lawsuit, and it denies that any of its employees engaged in any such conduct. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

63. Regarding Paragraph 63, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it failed to properly train and supervise its employees and it denies that it created an unreasonable and foreseeable risk that customers, including Plaintiff, would be subjected to discriminatory treatment, wrongful accusations, and public humiliation. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

64. Regarding Paragraph 64, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in negligent supervision and training that lead to Plaintiff being falsely accused of theft and subjected to intrusive public search and humiliation, and it denies that any of its employees falsely accused Plaintiff of theft or subjected him to intrusive public search and humiliation. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

65. Regarding Paragraph 65, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it was negligent. As to the remainder of Paragraph 65, no response is necessary.

**COUNT IV**
**NEGLIGENT HIRING, RETENTION, AND SUPERVISION**
**(*Against All Defendants*)**

66. Regarding Paragraph 66, Defendant repeats, re-allege, and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 65 of the Complaint, as if fully set forth herein.

67. Regarding Paragraph 67, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it admits that it owes a duty

to exercise reasonable care in the hiring, retention and supervision of its employees, but denies that any of its employees engaged in any discriminatory action against Plaintiff. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

68. Regarding Paragraph 68, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it breached any duty, and it denies that any of its employees engaged in any of the conduct as set forth in Paragraph 68. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

69. Regarding Paragraph 69, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it failed to exercise reasonable care, it denies that it created an unreasonable and foreseeable risk of harm to customers, including Plaintiff. Furthermore, it denies that any of its employees were involved in the October 11, 2025 incident since none Defendant's employees were present at the Zara store at the time of the incident.

70. Regarding Paragraph 70, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that there was any foreseeable risk of harm to Plaintiff, it denies that it failed to take reasonable steps to prevent any harm as none was foreseeable to this Defendant, and it denies that any of its employees caused harm to Plaintiff. Furthermore, it denies that any of its employees were involved in the October 11, 2025 incident since none of Defendant's employees were present at the Zara store at the time of the incident.

71. Regarding Paragraph 71, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in

negligent hiring, retention, and supervision or that it created an environment in which employees were permitted to engage in discriminatory conduct. It further denies that it engaged in any conduct that resulted in harm to Plaintiff. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

72. Regarding Paragraph 72, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants, and what, if any, damages Plaintiff sustained. As to this Defendant, it denies that it was negligent. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

73. Regarding Paragraph 73, a response is not necessary.

**COUNT V**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(*Against All Defendants*)**

74. Regarding Paragraph 74, Defendant repeats, re-allege, and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 73 of the Complaint, as if fully set forth herein.

75. Regarding Paragraph 75, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in any extreme or outrageous conduct as alleged in Paragraph 75. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

76. Regarding Paragraph 76, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged any intentional or reckless conduct as alleged in Paragraph 76. Furthermore, none of Defendant's

employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

77. Regarding Paragraph 77, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in any inappropriate conduct as alleged in Paragraph 77. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

78. Regarding Paragraph 78, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged any extreme or outrageous conduct that proximately resulted in injuries or damages to Plaintiff. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

79. Regarding Paragraph 79, a response is not necessary

**COUNT VI**
**INVASION OF PRIVACY / INTRUSION ON SECLUSION**
**(*Against All Defendants*)**

80. Regarding Paragraph 80, Defendant repeats, re-allege, and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 79 of the Complaint, as if fully set forth herein.

81. Regarding Paragraph 81, Defendants lack sufficient evidence or knowledge to admit or deny; therefore, it is denied. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

82. Regarding Paragraph 82, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it intruded

upon Plaintiff's seclusion since none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

83. Regarding Paragraph 83, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in any intrusive conduct as described in Paragraph 83. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

84. Regarding Paragraph 84, Defendant denies that it engaged in any offensive and unreasonable intrusion upon Plaintiff since none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

85. Regarding Paragraph 85, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in any intrusive conduct as described in Paragraph 85 or that any act or conduct by Defendant proximately resulted in injuries or damages to Plaintiff. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

86. Regarding Paragraph 86, a response is not necessary.

**COUNT VII**
**DEFAMATION**
**(*Against All Defendants*)**

87. Regarding Paragraph 87, Defendant repeats, re-allege, and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 86 of the Complaint, as if fully set forth herein.

88. Regarding Paragraph 88, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it made false

statements about Plaintiff since none of Defendant's employees or agents were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

89. Regarding Paragraph 89, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it made false statements about Plaintiff nor did it communicate any false statements to third parties. None of Defendant's employees or agents were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

90. Regarding Paragraph 90, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it made false statements about Plaintiff, that it communicated any false statements to third parties or that it engaged in any defamatory conduct pertaining to Plaintiff. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

91. Regarding Paragraph 91, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it made false statements about Plaintiff, that it communicated any false statements to third parties or that it engaged in any defamatory conduct pertaining to Plaintiff. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

92. Regarding Paragraph 92, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it did a public search or rummaged through Plaintiff's bag, and it denies that any of its employees engaged in any mocking behavior towards Plaintiff. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

93. Regarding Paragraph 93, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it made any defamatory statements or engaged in any defamatory conduct that proximately resulted in any injuries or damages to Plaintiff. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

94. Regarding Paragraph 94, a response is not necessary.

**COUNT VIII**
**RESPONDEAT SUPERIOR / VICARIOUS LIABLITY**
**(*Against All Corporate Defendants*)**

95. Regarding Paragraph 95, Defendant repeats, re-allege, and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 94 of the Complaint, as if fully set forth herein.

96. Regarding Paragraph 96, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it is vicariously liable for the conduct of any employees, associates, manager, and agents of Zara USA, Inc. or Zara Retail Store – Memorial City Mall. Furthermore, this Defendant denies that any of its employees, associates, managers, and agents engaged in any discriminatory, defamatory, intrusive, negligent or outrageous conduct as described in Plaintiff's Complaint. None of Defendant's employees, associates, managers, and agents were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

97. Regarding Paragraph 97, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it is vicariously liable for the conduct of any employees, associates, manager, and agents of Zara USA, Inc. or Zara Retail Store – Memorial City Mall. Furthermore, this Defendant denies that any of its employees, associates, managers, and agents engaged in any discriminatory, defamatory,

intrusive, negligent or outrageous conduct, as described in Plaintiff's Complaint, or that any of its' employees, associates, managers, and agents engaged in any discriminatory, defamatory, intrusive, negligent and outrageous conduct to further its' business interests. None of Defendant's employees, associates, managers, and agents were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

98. Regarding Paragraph 98, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it is vicariously liable for the conduct of any employees, associates, manager, and agents of Zara USA, Inc. or Zara Retail Store – Memorial City Mall. Furthermore, this Defendant denies that any of its employees, associates, managers, and agents engaged in any discriminatory, defamatory, intrusive, negligent and outrageous conduct, as described in Plaintiff's Complaint, so there was no discriminatory, defamatory, intrusive, negligent and outrageious conduct to ratify. None of Defendant's employees, associates, managers, and agents were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

99. Regarding Paragraph 97, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it is vicariously liable for the conduct of any employees, associates, manager, and agents of Zara USA, Inc. or Zara Retail Store – Memorial City Mall. Furthermore, this Defendant denies that any of its employees, associates, managers, and agents engaged in any discriminatory, defamatory, intrusive, negligent and outrageous conduct, as described in Plaintiff's Complaint. None of Defendant's employees, associates, managers, and agents were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit. Therefore, since none of this Defendant's employees, associates, managers, and agents engaged in any tortious acts against Plaintiff, there are no acts or conduct that make this Defendant vicariously liable.

100. Regarding Paragraph 100, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it is vicariously liable for the conduct of any employees, associates, manager, and agents of Zara USA, Inc. or Zara Retail Store – Memorial City Mall. Furthermore, it denies that any of its employees, associates, managers, and agents engaged in any tortious acts against Plaintiff that proximately resulted in any injuries or damages to Plaintiff. Furthermore, none of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

**DAMAGES**

101. Regarding Paragraph 101, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, Defendant denies that it engaged in any tortious act or conduct that caused any injuries or damages to Plaintiff. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

102. Regarding Paragraph 102, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, Defendant denies that it engaged in any tortious act or conduct that caused any injuries or damages to Plaintiff. None of Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

**PRAYER FOR RELIEF**

103. Regarding Paragraph 103, Defendant lacks sufficient evidence or knowledge to admit or deny the allegations against the Zara Defendants. As to this Defendant, it denies that it engaged in any tortious act or conduct that caused any injuries or damages to Plaintiff. None of

Defendant's employees were present at the Zara store nor were they involved in the alleged incident made the basis of this lawsuit.

104. Regarding Paragraph 104, a response is not necessary.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

105. Defendant denies any and all of the allegations asserted in Plaintiff's Complaint. Furthermore, Plaintiff lacks any plausible factual or legal predicate for any of his claims against Defendant.

106. Defendant pleads TEX. CIV. PRAC. & REM. CODE § 33, and ask the Court and jury to consider the relative damages and conduct of the parties and all tortfeasors, and accord the Defendant full benefit of said law. Said Defendant is entitled to an offset, credit or percentage reduction based upon a determination of the relative fault of all persons and tortfeasors or upon the amount of money paid by all other Defendants, responsible third parties, and/or tortfeasors to Plaintiff.

107. Defendant reserves the right to amend its Answer, including the amendment or addition of additional affirmative defenses or counterclaims that may become known during the course of this action, in accordance with the Federal Rules of Civil Procedure and this Court's orders.

108. Defendant respectfully requests a trial by jury.

**CONCLUSION**

**WHEREFORE, PREMISES CONSIDERED,** Defendant, **MEMORIAL CITY MALL GP, LLC**, respectfully requests that the Plaintiff take nothing by this suit against Defendant, that the Court dismiss Plaintiff's claims with prejudice, and that the Court grant such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**FEE, SMITH, & SHARP, LLP**

By: ______________________________

**MARIA L. FOX**
State Bar No. 07335250
2777 Allen Parkway, Suite 800
Houston, Texas 77019
Telephone: (713) 362-8307
Facsimile: (713) 362-8302
Email: mfox@feesmith.com

**ATTORNEY FOR DEFENDANT,**
**MEMORIAL CITY MALL GP, LLC**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record as listed below by e-filing, hand delivery, by certified mail, return receipt requested, and/or by facsimile transmission, on this the 3rd day of September, 2026.

Renee Walker
LLG National Law Group
3003 N. Central Ave., Suite 685
Phoenix, AZ 85012

______________________________
**MARIA L. FOX**